IN THE UNITED STATES BANKRUPTCY COURT,
DISTRICT OF MARYLAND

KATHAN MCCARTHY       *    Case No: 10-23402
                  Chapter 13
              *
      Debtor
\*    \*    \*    \*    \*    \*    \*

**CHAPTER 13 PLAN**

[ ] Original Plan    [X] Amended Plan

The Debtor proposes the following Amended Chapter 13 Plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and the Debtor will pay as follows:

    a. $ 40.00 per month for thirty-six (36) months and
    $100.00 per month for twenty-four (24) months.

2. From the payments received, the Trustee will make the disbursements in the order described below:

    a. Allowed unsecured claims for domestic support obligations and Trustee Commissions.

    b. Administrative claims under 11 U.S.C. §507(a)(2), including attorney's fee balance of $0.00.

    c. Claims payable under 11 U.S.C. § 1326(b)(3). None.

    d. Other priority claims defined by 11 U.S.C. § 507(a)(3) – (10). The Debtor anticipates the following priority claims: None.

    e. Concurrent payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

        I. Until the plan in confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii below:

Claimant    Redacted Account No.      Monthly Payment

None.

      ii.      Pre-petition mortgage arrears on the following claims will be paid through equal monthly amounts under the plan, while the Debtor maintains post-petition payments directly:

| Claimant | Anticipated Arrears | Monthly Payment | No. of Months |
|---|---|---|---|

None

      iii.      The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | Interest | Monthly Payment | No. of Months |
|---|---|---|---|---|

None.

      iv.      The following secured claims will be satisfied through surrender of the collateral securing the claims; any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

| Creditor | Property To Be Surrendered: |
|---|---|

None.

      v.      The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

| Creditor | Property To be Retained: |
|---|---|
| (a) Chase Auto Finance (Auto Loan) | 2010 Subaru Forester |
| (b) Litton Loan Servicing (Mtge. Loan) | 220 E. 5th Street<br>Frederick, MD 21701 |

      vi.      If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside of the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

      vii.      In the event that the Trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the Trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

    f.    After payment of priority and secured claims, the balance of funds will be paid pro rata on allowed general, unsecured claims.

3. The amount of each claim to be paid under the plan will be established by the Creditor's proof of claim or superceding Court Order. The Debtor anticipates filing the following Motion to value a claim or avoid a lien: None.

4. Payments made by the Chapter 13 Trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case. For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5. Secured creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharged under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6. The following executory contracts and/or unexpired leases are assumed (or rejected); any unexpired lease with respect to personal property that has not previously been assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated: None.

7. Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328, or upon dismissal of the case, or upon closing of the case.

8. Debtor agrees to provide the Trustee with a copy of his tax returns by May 15th of each year, beginning in 2010, for the duration of this Plan. The Debtor also agrees to remit any non-exempt tax refunds to the Trustee by June 15, 2010, and each year thereafter, for the duration of this Plan.

/s/ Kathan McCarthy
KATHAN McCARTHY


/s/ Stephen A. Glessner
STEPHEN A. GLESSNER
226 East Patrick Street
Frederick, MD  21701
(301) 663-8200
Attorney for the Debtor

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of August, 2010, I mailed, first-class, postage prepaid, a copy of the Chapter 13 Plan to the Debtor's list of creditors, and:

SENT ELECTRONICALLY TO:

Mr. Timothy Branigan, Trustee

/s/ Stephen A. Glessner
STEPHEN A. GLESSNER